IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IL
EASTERN DIVISION

MAHERS. HASH-BAZ     COURT CASE: # 01- C- 5894
(AKA)FREDDIE HILL
PLAINTIFF     JURY DEMAND

      *JUDGE DARRAH*

    V.

      *MAGISTRATE Judge Rosemond*

PAUL VALLAS
ET AL.

      *AMMENDMENT CompLAINT* **DOCKETED**
      *DoCKETED AUG. 01, 2001*    AUG 3 1 2001

INDIVIDUAL COMPLAINT FOR DAMAGES
ARISING OUT OF LIABILITY,"VICARIOUS LIABILITY",
AND "RESPONDEAT SUPERIOR" DETERMINED IN <u>MAHER S.HASH-BAZ</u>
<u>V. PAUL VALLAS ET AL. 01-C-5894</u>

NOW COMES PLAINTIFF,MAHER S. HASH-BAZ,AS PRO-SE LITIGANT WITH
COMPLAINT FOR
<u>DAMAGES AGAINST THE DEFENDANT</u>,PAUL VALLAS ET AL.,FACTS FOLLOW:

   <u>1.DEFAMATION</u>
    A.THIS CAUSE OF ACTION IS FOR THE FALSE COMMUNICATION
"DEFENDANT" HAD PUBLISHED IN THE CHICAGO SUN-TIMES NEWSPAPER
ON MAY 9,2001,INJURING PLAINTIFF'S
REPUTATION AND GOOD NAME AND PLAINTIFF BEING PERSONALLY AND
PUBLICALLY DISGRACED:1."NEW YORK TIMES CO. V.
SULLIVAN,376U.S.254,84 S.CT.
710,11 L.ED.2D 686 "

    2.THE DEFENDANT WAS SLANDEROUS WHEN HE INJURED PLAINTIFF'S
REPUTATION IN THE
POPULAR SENSE ,DIMINISHED PLAINTIFF'S
ESTEEM,RESPECT,GOODWILL,AND CONFIDENCE
THAT PLAINTIFF HELD WITHIN THE COMMUNITY: "BOWER <u>ACTIONABLE</u>
<u>DEFAMATION</u>"( 2D ED.

*Maher S. Hash-Baz ~ Pro~Se*
*8925 S. GREENWOOD st*
*Chicago, IL 60619*
*(773)*

RECEIVED   *8-28-01*

UNITED STATES ATTORNEY
NORTHERN DISTRICT
CHICAGO, ILLINOIS
REC'T BY *W. Anderson*

3.DEFENDANT DISREGARDED WHETHER THE SLANDEROUS COMMENTS HE WERE MAKING
ON NATION WIDE TELEVISION WERE TRUE OR FALSE: "NEW YORK TIMES CO. V. SULLIVAN,
376U.S.254,845.CT 710.11 L.ED. 2D 686" "KIMMERLE V. NEW YORK EVENING JOURNAL,
1933,262 N.Y. 99,186 N.E. 217 ,"
"PARIMITER V. COUPLAND,1840,6M.& W 105,157 ENG.REP.340
"TOTTEN V. SUN PRINTING AND PUBLISHING ASSS'N 2D. CIR. 1901,109 F. 289;"
"CF. MILES V. RCORD PUBLISHING CO., 1926,134 S.C. 133 S.E. 99 .

4.DEFENDANT WAS LIBELOUS IN THAT HE HAD A PICTURE OF PLAINTIFF DISPLAYED
ON <u>ABC NEWS PRIME TIME NATIONAL TELEVISION</u>,MAY 8, 2001 AT 5:00PM,6:00PM
AND 10:00 PM.DEFENDANT RECKLESSLY WITHOUT REGARD AS TO WHETHER THE COMMENTS HE WERE MAKING WERE TRUE OR FALSE AND THE DISPLAYING OF PLAINTIFF'S PHOTOGRAPH;STATING THAT PLAINTIFF WAS CRIMINAL WITH MULTIPLE CONVICTIONS,HAD CHANGED NAME FOUR TIMES TO AVOID
DETECTION,WAS AKIN TO " <u>AMERICAS MOST WANTED</u>" WITH ABC NEWS <u>CAPIONING "WHO IS THIS MAN?"</u>

_ 5.FURTHERMORE DEFENDANT HAD SOMEONE FOLLOWING PLAINTIFF OVER A CONSIDERABLE
PERIOD OF TIME; THE SENSE OF THE INDIVIDUAL KEEPING PLAINTIFF IN SIGHT CONSTITUTE LIBEL AND BOARDERS ON CRIMINAL STALKING STATUTES. " SCHULTZ V. FRANKFORT MARINE,ACCIDENT AND PLATE GLASS INSURANCE CO., 1913,151 WIS,537,139 CO N.W. 386"

<u>REMEDIES SOUGHT</u>

1.INJUNCTION PROHIBITING RETALIATORY ACTIONS WITHIN THE CHICAGO BOARD OF EDCATION.

2.PAYMENT FOR ALL SCHOOL DAYS PLAINTIFF WAS DENIED EMPLOYMENT

Maker &. Hash-Bay
8925 S. GREENWOOD
Chicago, IL 60619

JUDGE: DARRAH
MAGISTRATE: JUDGE
ROSEMOND

3.ALL NEWS ARTICLES REGARDING DEFENDANT'S ACTIONS AND COMMENTS DEFENDANT
MADE TO CHICAGO SUN-TIMES AND PHOTOS DISPLAYED ON ABC NEWS
REGARDING THIS INCIDENT OF MAY 8 & 9 2001 ABOUT PLAINTIFF.

4.THE DEFENDANT TO PAY ALL FEES AND COURT COSTS
MISCELLANEOUS OR OTHERWISE.

5.PLAINTIFF PRAY THE COURT ENTER A JUDGEMENT FOR THE PLAINTIFF
FOR THE AMOUNT OF $6,000,000 (MILLION) DOLLARS IN U.S. CURRENCY;
FOR THE PERSONAL INJURY DAMAGE PLAINTIFF HAS SUSTAINED TO THIS
POINT,
AND CONTINUES ,PSYCHOLOGICAL GENOCIDE HAS BEEN PERPETRATED
AGAINST
PLAINTIFF BY THE COMMUNITY:THE EDUCATIONAL COMMUNITY
ESPECIALLY.

JUDGE: DARRAH

MAGISTRATE: JUDGE
Rosemond

Maher S. Hash-Bay
8925 S.GREENWOOD
Chicago, IL 60619
(773)

Separator Page for Case Number 1:01-cv-03010
Document Number:    15
Docketed By:    tlm









IN THE UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

AUG 2 8 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PHALISA REED, in the interest of )
KENYATTA REED, a minor, and )
KENDALL REED, a minor, )
                  Plaintiff (s), )
                   )
                   )
         v. )
                   )
                   )
SCHOOL DISTRICT #132, an Entity, )
(Cook County, IL), Dr. Willie Mack, )
Ms. Jones (first name unknown) Ruth Bland, )
Ernest Davis, Ronald Miller, Roberta Moore )
Fisher, Dorothy Brown, Harry J. Reynolds, )
Mr. Brown (first name unknown), and, )
Charles Pugh, )
                Defendants. )

No. 01 C 3010

Hon. George M. Marovich

**JURY TRIAL DEMANDED**

**NOTICE OF FILING AND
CERTIFICATE OF SERVICE**

**DOCKETED**

AUG 3 1 2001

To:    Camille D. Lee
       Scariano Ellch Himes Sraga & Petrarca, Chtd.
       1450 Aberdeen
       Chicago Heights, Illinois 60411

PLEASE TAKE NOTICE that on Tuesday, August 28, 2001 we filed the attached Amended

Complaint.

A copy of the attached Amended Complaint was served on Tuesday, August 28, 2001 on

counsel of record for the defendants as indicated above by U.S. mail, postage prepaid.

                                   _____

Marion B. Adler                          Attorney for Phalisa Reed in the interest of
JENKENS & GILCHRIST, P.C.          Kenyatta Reed and Kendall Reed
225 West Washington Street
Suite 2600
Chicago, Illinois 60606
312-425-8640

CHICAGO 175626 v 1, 53232.00001

**FILED**

IN THE UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 2 8 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PHALISA REED, in the interest of    )
KENYATTA REED, a minor, and         )
KENDALL REED, a minor,              )
                  Plaintiff (s),    )
                                    )
            v.                      )
                                    )
SCHOOL DISTRICT #132, an Entity,    )
(Cook County, IL), Dr. Willie Mack, )
Ms. Jones (first name unknown) Ruth Bland, )
Ernest Davis, Ronald Miller, Roberta Moore )
Fisher, Dorothy Brown, Harry J. Reynolds, )
Mr. Brown (first name unknown), and, )
Charles Pugh,                       )
                  Defendants.       )

No. 01 C 3010

Hon. George M. Marovich

**JURY TRIAL DEMANDED**

DOCKET

AUG 3 1 2001

### AMENDED COMPLAINT

Phalisa Reed, in her capacity as mother and legal guardian of minors Kendall Reed and

Kenyatta Reed., brings this action against School District 132 of Cook County, Illinois (hereinafter

the District) and against certain of its employees, as specified below, in both their individual and

official capacity.

### Jurisdiction

1.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331

and 1367. The plaintiffs assert violations of their rights under the United States Constitution and

claims under 42 U.S.C. § 1983. In addition, the plaintiffs state claims arising under the law of the

State of Illinois.

2.      Venue lies in this District. A substantial part of the events and omissions giving rise

to these claims occurred in this District.

## Parties

3.       Phalisa Reed is a resident of Calumet Park, Illinois and the mother and legal guardian of Kendall Reed and Kenyatta Reed.

4.       Kendall Reed ("Kendall) is a male minor who is a resident of Calumet Park, Illinois. At times relevant hereto, Kendall was enrolled in schools administered by the District.

5.       Kenyatta Reed ("Kenyatta") is a female minor who is a resident of Calumet Park, Illinois. At times relevant hereto, Kenyatta was enrolled in schools administered by the District.

6.       The District is organized under the laws of the State of Illinois for the purpose of providing public education to children residing in Calumet Park, Illinois.

7.       At times relevant hereto, Willie Mack was the Superintendent of the District.

8.       At times relevant hereto, Ruth Bland was the Assistant Superintendent of the District.

9.       At times relevant hereto, Ernest Davis was the Interim Superintendent of the District.

10.       At times relevant hereto, Ronald Miller was an employee of the District, serving as the Principal of Calumet School.

11.       At times relevant hereto, Roberta Moore Fischer was an employee of the District, serving as the Assistant Principal of Calumet School.

12.       At times relevant hereto, Dorothy Brown was an employee of the District. During the academic year of 1999-2000 she was the teacher of the third grade class at the Calumet School in which Kendall was enrolled.

13.       At times relevant hereto, Mr. Brown (first name unknown) was employed as a gym teacher by the District at the Calumet School.

14. At times relevant hereto, Ms. Jones (first name unknown) was employed by the District at Calumet School. On or about February 29, 2000 she was working as a playground attendant at the Calumet School

15. At times relevant hereto, Harry J. Reynolds was the Superintendent of the District.

16. At times relevant hereto, Charles Pugh was an employee of the District. During the academic year of 1999-2000 he was a teacher of the sixth grade class at the Calumet School in which Kenyatta was enrolled.

### Count I

Phalisa Reed, in her capacity as mother to Kenyatta, brings this Count I against the District, Ronald Miller, Roberta Moore Fisher, Harry J. Reynolds, Ruth Bland, and Mr. Brown:

17. On May 7, 1999, Kenyatta was playing with other students during a required physical education class.

18. During that class, the gym teacher, Mr. Brown, grabbed Kenyatta by the neck and punched her in the stomach, causing her to sustain both physical and emotional pain, and a deprivation of her right to bodily integrity.

19. On information and belief, before May 7, 1999 the District had encountered running problems with Mr. Brown in his conduct as a teacher in the District. On information and belief, the District, Mr. Miller, Mrs. Fisher, Mrs. Bland, and Mr. Reynolds were on notice of a pattern of physical abuse by Mr. Brown of children enrolled in the District.

20. Based on Mr. Brown's past conduct, the District, and Mr. Miller, Mrs. Fisher, Mrs. Bland, and Mr. Reynolds knew or should have known that by continuing to employ Mr. Brown as a teacher within the District they were placing students at risk of physical injury inflicted by Mr.

Brown. Their continued employment of Mr. Brown in the face of his past conduct reflected a wanton

disregard and deliberate indifference to the safety of the children enrolled in the Calumet School,

including Kenyatta, and proximately caused Kenyatta to sustain deprivations of her right to bodily

integrity.

<u>Count II</u>

Phalisa Reed, in her capacity as mother to Kenyatta, brings this Count I against the District,

Ronald Miller, Roberta Moore Fisher, Ernest Davis, Ruth Bland, and Charles Pugh.

21.     On or about March 20, 2000, a classmate of Kenyatta's, Andre Thompson, threw a

hard plastic object at Kenyatta, causing her to sustain physical to her head and emotional injury, and

a deprivation of her right to bodily integrity.  This incident took place in the classroom, in the

presence of Mr. Pugh.

22.     The March 20, 2000 incident between Kenyatta and Andre was not the first incident

between the two classmates.  Rather, throughout the academic year of 1999-2000 there had been a

series of incidents between the two, including other incidents that had resulted in deprivations of

Kenyatta's right to bodily integrity.

23.     As of and before March 20, 2000 Mr. Miller, Mrs. Fisher, Mr. Davis, Mrs. Bland, and

Mr. Pugh were aware that there were serious difficulties in the manner in which Kenyatta and Andre

interacted and that they were prone to fighting.

24.     The District and its employees were in a special relationship with Kenyatta.  Under

the compulsory education laws of the State of Illinois, Kenyatta was required to attend school.

Because of the indigence of her family, Kenyatta did not have the option of attending a private school.

Rather, her financial circumstances and the compulsory education laws resulted in a requirement that she attend the public schools administered by the District.

25.     Because of the special relationship between Kenyatta and the District, the District and its employees had an affirmative duty to take steps to avoid permitting Andre from inflicting physical injury upon Kenyatta, and prevent him from violating her right to bodily integrity.

26.     Notwithstanding this duty, the District, Ronald Miller, Roberta Moore Fisher, Ernest Davis, Ruth Bland, and Charles Pugh failed to take adequate and reasonable steps to prevent Andre Thompson from inflicting such injury upon Kenyatta. Their failure to take such steps involved a wanton disregard and deliberate indifference to the safety of Kenyatta and proximately caused Kenyatta to sustain deprivations of her right to bodily integrity.

## Count III

Phalisa Reed, in her capacity as mother to Kendall, brings this Count I against the District, Ronald Miller, Roberta Moore Fisher, Ernest Davis, Ruth Bland, Ms. Jones, and Dorothy Brown.

27.     On or about February 29, 2000, while waiting to enter Calumet School from the playground, Kendall was deliberately pushed by another student with intent to harm, causing Kendall to fall to the ground, and sustain physical and emotional injury, and a deprivation of his right to bodily integrity.

28.     At the time of this incident Ms. Jones was on the playground as a playground attendant but she failed to prevent the incident from occurring.

29.     On information and belief, as of and before this incident, Mr. Miller, Mrs. Fisher, Mr. Davis, Mrs. Bland, Ms. Jones, and Mrs. Brown were aware that Kendall was often the subject of ridicule and teasing by his classmates. Kendall speaks with a severe speech impediment that impairs

his articulation, and as of the academic year 1999-2000 had been retained to repeat third grade. Because of both his speech impediment and his being retained to repeat third grade, he was often picked on by his classmates, of which the defendants were aware.

30.     The District and its employees were in a special relationship with Kendall. Under the compulsory education laws of the State of Illinois, Kendall was required to attend school. Because of the indigence of his family, Kendall did not have the option of attending a private school. Rather, his financial circumstances and the compulsory education laws resulted in a requirement that he attend the public schools administered by the District.

31.     Because of the special relationship between Kendall and the District, the District and its employees had an affirmative duty to take steps to avoid permitting Kendall's classmates from teasing and ridiculing Kendall, and subjecting him to invasions of his right to bodily integrity.

32.     Notwithstanding this duty, the District, Ronald Miller, Roberta Moore Fisher, Ernest Davis, Ruth Bland, Ms. Jones, and Mrs. Brown failed to take adequate and reasonable steps to prevent Kendall's classmates from inflicting such injury upon him. Their failure to take such steps involved a wanton disregard and deliberate indifference to the safety of Kendall and proximately caused Kendall to sustain deprivations of his right to bodily integrity.

### PRAYER FOR RELIEF

Wherefore, Phalisa Reed, in her capacity as the mother and legal guardian for Kenyatta Reed and Kendall Reed, prays for:

(a) injunctive remedies against the District and its employees to ensure that her children receive a free and safe education where they will be protected against any further deprivations of their rights to bodily integrity and other constitutional rights;

(b) money damages to compensate for the injuries sustained by the children;

(c) punitive damages;

(d) an award of attorneys fees and the costs of this action; and

(e) such other relief as is just and equitable.

## Jury Demand

The plaintiff demands trial by jury of all issues triable to a jury.

Respectfully submitted,

Marion B. Adler
JENKENS & GILCHRIST, P.C.
225 West Washington Street
Suite 2600
Chicago, Illinois 60606
312-425-8640

Attorney for Phalisa Reed in the interest of
Kenyatta Reed and Kendall Reed

Dated: August 28, 2001